**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLD BRIDGE TOWNSHIP BOARD OF EDUCATION,<br><br>      Plaintiff,<br><br>  v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>      Defendant / Third-Party Plaintiff,<br><br>  v.<br><br>Insurance Corporation of Hannover,<br><br>      Third-Party Defendant. | Civ. No. 05-5681 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

  This matter comes before the Court upon: (1) plaintiff Old Bridge Township Board of Education's ("Plaintiff" or "the Board") motion for summary judgment; and (2) defendant General Star Indemnity Company's ("Defendant" or "General Star") cross-motion for summary judgment. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will: (1) deny Plaintiff's motion for summary judgment; and (2) grant Defendant's cross-motion for summary judgment.

1

I.  BACKGROUND

   A.  The Parties' Insurance Agreement

Plaintiff is a public school Board of Education, with its principal office located in Matawan, New Jersey.  (Compl. ¶ 1.)  Defendant is an insurance company incorporated under Connecticut law, with its principal place of business located in Stamford, Connecticut.  (*Id.* ¶ 2.)  On or about July 1, 2002, the parties entered an agreement that provided insurance coverage by General Star for certain categories of legal claims against the Board ("Agreement").

The Agreement, entitled "School Board Legal Liability Policy – Claims Made and Reported Coverage," provided that:

> The Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages to which this insurance applies . . . .

(Novak Decl. Ex. A ("Agreement") § 1.)  The Agreement further provided that:

> The Company will pay, in addition to the applicable Limit of Liability:
>
>   1) court costs incurred in any suit to which this insurance applies and which the Company is defending hereunder.

(*Id.* § 4.)  In addition to these coverage provisions, the Agreement also contained provisions requiring General Star to provide legal defense to the Board with respect to applicable claims. Specifically, the Agreement provided that:

> The Company shall have the right to select and appoint counsel and the duty to defend any suit against the INSURED seeking damages to which this insurance applies, arising from WRONGFUL ACT(S) even if any of the allegations of the CLAIM or suit are groundless, false, or fraudulent.

(*Id.* § 2.)

The Agreement also contained numerous exclusions of coverage.  The exclusionary

2

provisions stated, in relevant part, that:

> The Company shall not make any payment nor defend any suit in connection with any CLAIMS made against the INSURED:
>
> . . .
>
> 2. For any damage arising from bodily injury, sickness, emotional distress, mental anguish, loss of consortium or society, embarrassment, [or] humiliation and disparagement . . . . Whether or not based upon, arising out of or related to any civil rights or other violation of statutory, constitutional or common law.
>
> . . .
>
> 12. For back wages or salary, employment benefits, overtime, future wages or salary or similar CLAIMS, even if designated as liquidated damages, under any theory of recovery, including but not limited to the common law or federal, state or local statutes, rules, ordinances or regulations; or CLAIMS arising from collective bargaining agreements.

(*Id.* § 8(2), (12).)

### B.     The Cook Action

In June 2002, Jeanne Cook ("Cook"), a substitute teacher employed by the Board, filed a lawsuit in the Superior Court of New Jersey against the Board and several other defendants ("Cook Action"). (Novak Decl. Ex. B ("Cook Compl.") at 1, 17.) Cook alleged that the Board and the other defendants engaged in disability discrimination, failed to provide reasonable accommodations for her disabilities, created a hostile work environment, retaliated against her for engaging in protected activities, and engaged in the intentional infliction of emotional distress. (*Id.* at 12-18.) Cook asserted her claims pursuant to the New Jersey Law Against Discrimination, N.J. Stat. Ann. 10:5-1, *et seq.* ("NJLAD"). (*Id.*) Cook sought compensatory damages, punitive damages, attorney's fees, interest, and costs, as well as "such other and further relief as the court deems just and equitable." (*Id.*)

On or about July 31, 2002, General Star, through its agent, sent a letter to the Board reserving its rights under the Agreement with respect to the Cook Action.  (Novak Decl. Ex. C.) The letter stated that "[o]ur review of the [Cook Complaint] reveals that the plaintiff['s] allegations arise from the actions of the Old Bridge Township Board of Education and the individually named defendants."  (*Id.* at 3.)  According to the letter, Cook "states that she has suffered intentional infliction of emotional distress, humiliation, embarrassment, loss of income including benefits and that her pay increments have been withheld."  (*Id.*)  The letter stated that "[t]he plaintiff seeks compensatory damages, punitive damages, back pay, and front pay along with fees and costs."  (*Id.*)  General Star stated that it was reserving its rights under the Agreement, specifically claiming that:

> [t]here is no coverage for any damages that may be awarded as excluded by exclusion (2), which involve[s] body injury and/or emotional distress or mental anguish.  Additionally, there is no coverage for any damages that might be awarded as excluded by exclusion (12), [which excludes] back pay, future pay, or employee benefits.

(*Id.*)  The letter provided that "[u]pon receipt of the Non-Waiver Agreement [referred to in the letter] we will assign the defense of this litigation."  (*Id.* at 4.)  The letter further stated that "[a]ny action or absence of action on the part of General Star, its agents or representative[s] does not constitute a waiver of our rights."  (*Id.*)

At trial, a jury found in favor of Cook with respect to a number of her claims.  The jury found that the defendants failed to provide reasonable accommodations, failed to engage in an interactive process, and retaliated against Cook.  (Novak Decl. Ex. D at 3, 5-6.)  The jury awarded Cook $250,000 in damages for her emotional distress and suffering.  (*Id.* at 8.) It is undisputed that the policy did not cover any of these damages.

4

On February 18, 2005, the New Jersey Superior Court granted, in part, a motion filed by Cook for attorney's fees and costs. (Novak Decl. Ex. E.) On or about March 11, 2005, General Star sent a letter to the Board stating that it would not indemnify the Board for the award of attorney's fees and costs. (Novak Decl. Ex. F at 4.)

### C. The Present Litigation

On October 11, 2005, the Board filed a complaint against General Star in the Superior Court of New Jersey seeking indemnification for the award of attorney's fees and costs resulting from the Cook Action ("Complaint"). In the Complaint, the Board alleged that, following the jury verdict in the Cook Action, the New Jersey Superior Court "awarded [Cook] costs of suit totaling $612,802.79, including Cook's attorney's fees in the amount of $567,099.60, and prejudgment interest in the amount of $40,158.05." (Compl. ¶ 10.) According to the Complaint, "[p]ursuant to the terms of the [Agreement], [General Star] is obligated to indemnify [the Board] against costs awarded in the [Cook Action], including an award of counsel fees." (*Id.* ¶ 11.) On December 1, 2005, the case was removed to this Court.

On May 22, 2006, Defendant filed a third-party complaint ("Third-Party Complaint") against Insurance Corporation of Hannover ("Third-Party Defendant"). In filing the Third-Party Complaint, Defendant "seeks a judgment . . . for at least fifty percent (50%) contribution for any amounts awarded against it in favor of [Plaintiff]." (Third-Party Compl. at 2.)

Plaintiff filed its motion for summary judgment on June 1, 2006. On June 16, 2006, Defendant filed its cross-motion for summary judgment. The action was reassigned to the undersigned on November 15, 2006. Briefing on the matter now complete, the Court will

address the pending motions.

## II.  DISCUSSION

### A.  Standard of Review

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987). In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B.  New Jersey Law Concerning the Interpretation of Insurance Agreements

The New Jersey Supreme Court has stated that "[g]enerally, an insurance policy should be interpreted according to its plain and ordinary meaning." *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 175 (1992). "But because insurance policies are adhesion contracts, courts must assume a particularly vigilant role in ensuring their conformity to public policy and principles of

6

fairness." *Id.* "[A]mbiguities in policy language will be resolved in favor of the insured in order to give effect to the insured's reasonable expectations." *Am. Motorists Ins. Co. v. L-C-A Sales Co.*, 155 N.J. 29, 41 (1998). "Under certain circumstances, even the plain meaning of policy language may be overcome if it conflicts with the reasonable expectations of the insured." *Id.*

With respect to exclusions, "[i]n general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion." *Id.* (internal quotations omitted). Courts, however, "should not write for the insured a better policy of insurance than the one purchased." *Voorhees*, 128 N.J. at 175 (internal quotations omitted). *See also Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 271 N.J. Super. 409, 416 (App. Div. 1994) ("It is not the function of the court to make a better contract for the parties than they themselves have seen fit to enter into or to alter it for the benefit of one party and to the detriment of the other") (internal quotations omitted).

### C. Whether the Agreement Requires Defendant to Indemnify Plaintiff for Attorney's Fees and Costs Resulting From the Cook Action

In support of its motion for summary judgment, Plaintiff refers to Section 4 of the Agreement, which provides that "[t]he Company will pay . . . court costs incurred in any suit to which this insurance applies and which the Company is defending hereunder." (Agreement § 4.) Plaintiff argues that the Agreement applies to the Cook Action, and that Defendant is therefore obligated to indemnify Plaintiff for the attorney's fees and costs that the New Jersey Superior Court ordered Plaintiff to pay.

Defendant, in contrast, argues that the Agreement does not apply to the Cook Action, and

that it is therefore not required to indemnify Plaintiff.  According to Defendant, the Agreement's exclusionary provisions exclude the Cook Action from coverage, and the attorney's fees and costs resulting from that case are therefore not covered by the Agreement.

Section 4 of the Agreement provides that "[t]he Company will pay . . . court costs incurred in *any suit to which this insurance applies* and which the Company is defending hereunder." (*Id.* (emphasis added).)  This obligation therefore extends only to lawsuits for which the Agreement provides coverage.  The threshold question, then, is whether the Cook Action is a lawsuit to which the Agreement applies.

To determine whether the Agreement provided coverage with respect to the Cook Action, it is necessary to consider the nature of Cook's claims against the Board.  Cook asserted discrimination claims based on allegations that the Board engaged in disability discrimination, failed to provide reasonable accommodations for Cook's disabilities, created a hostile work environment, retaliated against her for engaging in protected activities, and engaged in the intentional infliction of emotional distress. (Cook Compl. at 12-18.)  She sought compensatory damages, punitive damages, attorney's fees, interest, and costs, as well as "such other and further relief as the court deems just and equitable." (*Id.*)  In short, Cook sought to recover damages for the monetary losses that she suffered with respect to her employment as a teacher, as well as compensation for her emotional distress.

The Agreement, however, specifically excludes from coverage lawsuits such as the Cook Action.  Exclusions 2 and 12, set forth in Section 8 of the Agreement, provide that General Star "shall not make any payment nor defend any suit in connection with any CLAIMS made against [the Board]" "[f]or back wages or salary, employment benefits, overtime, future wages or salary

or similar CLAIMS," or "[f]or any damage arising from . . . emotional distress, mental anguish, . . . embarrassment, [or] humiliation and disparagement . . . ." (Agreement § 8(2), (12).) The Court finds that these exclusionary provisions apply to Cook's lawsuit against the Board. The Cook Action was therefore not a "suit to which this insurance applies . . . ." (*Id.* § 4.)

In its papers, Plaintiff fails to adequately explain why, given the nature of the relief that Cook sought, Exclusions 2 and 12 do not apply to that case. With respect to Exclusion 12, Plaintiff has failed to offer any argument as to why the exclusion does not apply. Regarding Exclusion 2, Plaintiff argues that the provision "excludes damages from emotional distress, but does not exclude court costs awarded in connection with such a claim." (Pl.'s Opp. Br. 8.) Plaintiff interprets the provision to exclude "damage arising from . . . emotional distress," and argues that attorney's fees and costs do not constitute such damages. (Agreement § 8(2).)

Exclusion 2's language, however, is broader than Plaintiff acknowledges. The provision does not exclude damages from emotional distress, but rather "*any payment* . . . in connection with any CLAIMS made" for such damages. (*Id.* § 8 (emphasis added).) In asserting her discrimination claims, Cook sought damages for her emotional distress. (Cook Compl. at 12-18.) Her claims were therefore "CLAIMS made . . . [f]or . . . damage arising from . . . emotional distress . . . ." (Agreement § 8(2).) Section 8 excludes from coverage "any payment . . . in connection with" such claims. (*Id.* § 8.) The Court therefore finds that the Cook Action was excluded from coverage pursuant to Exclusions 2 and 12 of the Agreement.

III. **CONCLUSION**

For these reasons: (1) Plaintiff's motion for summary judgment is denied; and

9

(2) Defendant's cross-motion for summary judgment is granted.  An appropriate form of order is filed herewith.


Dated: December 29, 2006

                  s/ Garrett E. Brown, Jr.
                 GARRETT E. BROWN, JR., U.S.D.J.